[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: PLEADINGS 234, 235 AND 238
The pro-se defendants Leon E. Cooper and Mary P. Cooper (Coopers) have filed two motions for judgment after default (Pleadings 234 and 235) against the State of Connecticut (State) and Citibank (South Dakota) N.A. (Citibank) on the Coopers' counterclaim/cross-claim against said defendants.
The State has filed a motion to dismiss dated December 16, 1992 based on lack of subject matter jurisdiction and Citibank has filed an answer dated January 8, 1993.
The court has reviewed the memorandums of law and heard arguments of the parties on the motions for judgment and the motion to dismiss.
The court notes that Section 145 of the Practice Book indicates that a lack of jurisdiction of the subject matter must be addressed by the court at any time it is raised. The court, after, examining the State's Memorandum of Law dated December 16, 1992 and the Coopers' "Objection/Statement in Opposition To Motion To Dismiss by State of Connecticut", dated December 30, 1992, is persuaded that the State's Motion to Dismiss should be CT Page 2053 granted for the reasons stated in its memorandum. The Coopers' counterclaim/cross-claim having been dismissed for lack of subject matter jurisdiction, their motion for judgment (Pleading 234) is rendered moot.
The remaining issue pertains to the motion for judgment after default against Citibank. A default (Pleading 240) was entered against Citibank on December 31, 1992. Citibank filed an answer on January 8, 1993 in open court when this case was before the court on the State's Motion to Dismiss. At that time counsel for Citibank explained his misunderstanding of the viability of Coopers' claim against Citibank because of the extended pleadings and appeals that are part of the file. This includes an appeal to the Supreme Court (Pleading 236) filed on December 10, 1992. The court is satisfied that Citibank's failure to file an answer prior to the entry of the default against it was due to mistake as to the status of Coopers' crossclaims/counter-claims at the time Coopers' motion for default was filed. The court in accordance with the provisions of P.B. 363A sets aside the default entered against Citibank and thereby Coopers' Motion For Judgment After Default is rendered moot.
Since the pleadings are closed and the Coopers and Citibank are at issue, this matter may be claimed for the trial list and upon being reached for trial a full hearing will be available to the Coopers to present their claims against Citibank and to bring forth evidence of the extent of their claimed monetary damages, with Citibank being able at said trial on the merits to defend against those claims if it chooses to do so.
STODOLINK, JUDGE